

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-3212
Re: Whether a mechanic's lien
given by a farmer on his farm
and securing the payment of a-
mount due for drilling irriga-
tion well, installation of tur-
bine pump motor, and otherwise
equipping the place as an irri-
gation farm must be stamped un-
der the provisions of Article
7047e, Vernon's Annotated Civ-
il Statutes.

In your letter of February 24, 1941, you submit to
us the following question:

"Quite a number of farmers are giving mech-
anic's and materialman's liens on their farms,
securing the payment of the amount that will be
due for drilling of an irrigation well, instal-
lation of turbine pump, motor, and otherwise e-
quipping it as an irrigation farm. Are these
instruments exempt from the State Note Tax?"

The first paragraph in Section a of Article 7047e,
Vernon's Annotated Civil Statutes, reads as follows:

"(a) Except as herein otherwise provided there
is hereby levied and assessed a tax of Ten (10¢) Cents
on each One Hundred ($100.00) Dollars or fraction
thereof, over the first Two Hundred ($200.00) Dollars,
on all notes and obligations secured by chattel mort-
gage, deed of trust, mechanic's lien contract, vendor's
lien, conditional sales contract and all instruments
of a similar nature which are filed or recorded in the

Honorable Charley Lockhart, page 2

office of the County Clerk under the Registration
Laws of this State; provided that no tax shall be
levied on instruments securing an amount of Two Hun-
dred ($200.00) Dollars, or less. After the effective
date of this Act, except as hereinafter provided, no
such instrument shall be filed or recorded by any
County Clerk in this State until there has been af-
fixed to such instrument stamps in accordance with
the provisions of this section; providing further that
should the instrument filed in the office of the
County Clerk be security of an obligation that has prop-
erty pledged as security in a State or States other
than Texas, the tax shall be based upon the reasonable
cash value of all property pledged in Texas in the
proportion that said property in Texas bears to the
total value of the property securing the obligation;
and, providing further that, except as to renewals
or extensions of accrued interest, the provisions
of this section shall not apply to instruments there-
tofore stamped under the provisions of this Act or
the one amended hereby, and shall not apply to in-
struments given in the refunding of existing bonds
or obligations where the preceding instrument of se-
curity was stamped in accordance with this Act or
the one amended hereby; provided further that the
tax levied in this Act shall apply to only one instru-
ment, the one of the greatest denomination, where
several instruments are contemporaneously executed
to secure one obligation; and provided further that
when once stamped as provided herein, an instrument
may be recorded in any number of counties in this
State without again being so stamped. This section
shall not apply to instruments, notes, or other
obligations taken by or on behalf of the United
States, or of the State of Texas, or any corporate
agency or instrumentality of the United States, or of
the State of Texas in carrying out a governmental
purpose as expressed in any Act of the Congress of
the United States or of the Legislature of the State
of Texas, nor shall the provisions of this section
apply to obligations or instruments secured by liens
on crops and farm or agricultural products, or to
livestock or farm implements, or an abstract of judg-
ment.*

As you will note from a reading of the above, mechanic's
lien contracts are within the statute. We presume that the
instruments to which you refer are written contracts filed under
Section 1 of Article 5453, R. C. S. or in compliance with Article

5460, R. C. S. Such instruments clearly fall within the meaning of the term "mechanic's lien contract" as used in the statute quoted above. Said Act provides that "except as hereinafter provided no such instrument shall be filed or recorded . . . until there has been affixed to such instrument stamps in accordance with the provisions of this section." Reading down into the Act we find nothing to take these particular instruments out of the operation of the taxing statute. The irrigation well could under no circumstances be considered a farm implement or a farm or agricultural product. While it is altogether probable that the equipment when installed could not be classed as "farm implements" we do not find it necessary to definitely determine that question. In our Conference Opinion No. 3061 we held that where the security is primarily of the kind which will not confer exemption the mere inclusion of farm implements in the mortgage would not take the instrument out of the taxing statute. Liens of the kind you mention go not only to the improvements placed on the land but to the land itself. Articles 5452, 5458, 5459, 5460, Revised Civil Statutes. Hence, we answer your question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By   Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:js

APPROVED MAR 5, 1941

ATTORNEY GENERAL OF



APPROVED
OPINION
COMMITTEE
BY [initials]
CHAIRMAN